ORIGINAL

Approved: _____

DAVID W. DENTON, JR. and THANE REHN
Assistant United States Attorneys

Before:   THE HONORABLE BARBARA MOSES
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :   **16 MAG   6 5 8 3**
                                  :   SEALED COMPLAINT
          - v. -                  :   Violations of
                                  :   18 U.S.C. §§ 1349 and 2
MIGUEL BAHADUR,                   :
LOREN SADIKOV,                    :   COUNTY OF OFFENSE:
RODION SADYKOV,                   :   NEW YORK
RONNY YACOUB, and                 :
FNU LNU,                          :
                                  :
          Defendants.             :   
                                  :
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        DANIEL HERZOG, being duly sworn, deposes and says that
he is a Detective with the New York City Police Department
("NYPD"), and charges as follows:

COUNT ONE

(Conspiracy to Commit Wire Fraud)

        1.   From at least in or about March 2016 through the
present, in the Southern District of New York and elsewhere,
MIGUEL BAHADUR, LOREN SADIKOV, RODION SADYKOV, RONNY YACOUB, and
FNU LNU[1], the defendants, and others known and unknown, willfully
and knowingly, did combine, conspire, confederate, and agree
together and with each other to commit wire fraud, in violation
of Title 18, United States Code, Section 1343.

        2.   It was a part and object of the conspiracy that MIGUEL
BAHADUR, LOREN SADIKOV, RODION SADYKOV, RONNY YACOUB, and FNU

_____

[1] Two surveillance photographs of FNU LNU are attached hereto and
to the requested arrest warrant for FNU LNU.

LNU, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, BAHADUR, SADIKOV, SADYKOV, YACOUB, LNU, and others known and unknown caused the transmission of interstate wire communications in connection with the fraudulent purchase of goods from retail store locations of a technology company ("Company-1") throughout the United States.

## Overt Acts

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about March 12, 2016, MIGUEL BAHADUR, the defendant entered a Company-1 store located in New York, NY.

b.    On or about March 12, 2016, LOREN SADIKOV, the defendant, entered a Company-1 store located in New York, NY.

c.    On or about March 25, 2016, RODION SADYKOV, the defendant, entered a Company-1 store located in Elmhurst, NY.

(Title 18, United States Code, Section 1349.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

4.    I have been a Detective with the NYPD for approximately two years.  During this time, I have conducted numerous investigations into various financial frauds, including wire fraud, and am familiar with the way such crimes are committed.

5.    I have been involved in the investigation of the offenses charged in this Complaint.  I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, including my review of pertinent documents, and from my conversations with other law

enforcement agents and other individuals.  Because this
affidavit is submitted for the limited purpose of demonstrating
probable cause, I have not included details of every aspect of
the investigation.  Where I relate statements, conversations,
and actions of others, those statements, conversations, and
actions are related in substance and in part, except where
otherwise noted.

<u>The Scheme</u>

6.    Based on my interviews with Company-1 personnel, I
have learned, among other things, the following:

a.    Stores operated by Company-1 do not have
traditional cash registers or checkout lanes.  Instead, certain
store employees are equipped with a device containing a barcode
scanner to ring up items for sale and a magnetic card reader for
swiping credit and debit cards, as well as touchscreen input
interfaces on both sides of the device.  One side of the device
is used by the store employee, who can make inputs about the
type of transaction, such as whether the customer is paying by
cash, credit, or debit card.  The other side of the device is
presented to the customer, who is asked to input certain
information, such as an email address to which a receipt for the
transaction can be sent, as well as to sign for a credit card
transaction or to input a Personal Identification Number ("PIN")
for a debit card transaction.

b.    The payment device is connected to the Internet
through a Wi-Fi network operated by each Company-1 store.  When
a customer swipes a credit or debit card to initiate payment for
a transaction, the device communicates through the Internet with
the credit or debit card company to determine whether payment
will be authorized.

7.    Based on my participation in the investigation,
including my review of video surveillance obtained from Company-
1 stores, I have learned, among other things, that:

a.    From in or about March 2016 through the present,
MIGUEL BAHADUR, LOREN SADIKOV, RODION SADYKOV, RONNY YACOUB, and
FNU LNU, the defendants, and an unknown number of co-
conspirators, have perpetrated a scheme to defraud Company-1 by
manipulating payment devices at Company-1 stores to indicate
that payment has been made for large purchases of technology
equipment, when in fact no payment has been made.  The scheme
involves a large number of co-conspirators working together to

identify weak points in the Company-1 sales process and to distract Company-1 employees in order to effectuate the fraud.

       b.    Principally, two co-conspirators identify a Company-1 store employee and engage that employee in conversation. After some period of time, one co-conspirator expresses interest in purchasing a number of high-value items, usually laptops and/or cellular phones. The Company-1 store employee will begin to process the transaction on the handheld device. The co-conspirator indicates to the employee that he would like to pay for the goods with a credit card, which he provides to the Company-1 store employee. The employee swipes the credit card on the device, which connects to the Internet to obtain payment approval from the credit card company.

       c.    When the device indicates that credit card payment has been approved, the Company-1 store employee hands the device to the co-conspirator so that he can sign on the touchscreen and complete the purchase. At that moment, a second co-conspirator distracts the Company-1 store employee, typically moving to one side in order to force the store employee to look away from the first co-conspirator. With the store employee distracted, the first co-conspirator flips over the payment device, and—using the side of the device meant for Company-1 store employees—changes the transaction from a credit card purchase to a cash transaction. While the Company-1 store employee is still distracted, the co-conspirator inputs on the payment device that cash has been paid for the transaction, so the device shows that the purchase has been completed. The co-conspirator then returns the device to the Company-1 store employee, and both co-conspirators exit the store with the fraudulently-obtained merchandise.

### The Defendants' Participation in the Scheme

      8.    Based on my review of video surveillance obtained from Company-1 stores during the times of transactions believed to be connected with the charged scheme, as well as my comparison of that video surveillance with photographs of MIGUEL BAHADUR, LOREN SADIKOV, RODION SADYKOV, RONNY YACOUB, and FNU LNU, the defendants, and other co-conspirators available to law enforcement through various government databases, I have learned, among other things, that:

       a.    On or about March 12, 2016, MIGUEL BAHADUR and LOREN SADIKOV, the defendants, and another co-conspirator not named as a defendant herein ("CC-1") executed the above-

described scheme at a Company-1 store located in New York, NY, and fraudulently obtained $5,278.21 in merchandise.

b.   On or about March 12, 2016, SADIKOV and CC-1 executed the above-described scheme at a different Company-1 store located in New York, NY, and fraudulently obtained $6,373.54 in merchandise.

c.   On or about March 13, 2016, BAHADUR, SADIKOV, and CC-1 executed the above-described scheme at a Company-1 store located in New York, NY, and fraudulently obtained $4,619.56 in merchandise.

d.   On March 24, 2016, SADIKOV and RODION SADYKOV, the defendant, executed the above-described scheme at a Company-1 store located in Edison, NJ, and fraudulently obtained $8,187.64 in merchandise.

e.   On March 25, 2016, SADIKOV and SADYKOV executed the above-described scheme at a Company-1 store located in Elmhurst, NY, and fraudulently obtained $8,369.22 in merchandise.

f.   On March 26, 2016, SADYKOV and BAHADUR executed the above-described scheme at a Company-1 store located in Willow Grove, PA, and fraudulently obtained $5,507.76 in merchandise.

g.   On September 26, 2016, YACOUB and LNU executed the above-described scheme at a Company-1 store located in Sherman Oaks, CA, and fraudulently obtained $5,455.82 in merchandise.

h.   On September 27, 2016, YACOUB and LNU executed the above-described scheme at a Company-1 store located in Pasadena, CA, and fraudulently obtained $7,294.55 in merchandise.

WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of MIGUEL BAHADUR, LOREN SADIKOV, RODION SADYKOV, RONNY YACOUB, and FNU LNU, the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

DANIEL HERZOG
Detective
New York City Police Department

Sworn to before me this
13th day of October, 2016

THE HONORABLE BARBARA MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK



FNU LNU



FNU LNU